# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00146-CV

**In re Juan Enriquez**

## ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## M E M O R A N D U M   O P I N I O N

Juan Enriquez petitions this Court for a writ of mandamus directing the trial court to vacate its order of February 6, 2013, transferring venue of his "personal injury case for damages and equitable relief for racial segregation and racial discrimination in the Texas prison system." Enriquez complains that the trial court failed to give him 45 days notice of the venue hearing as required by Texas Rule of Civil Procedure 87(1), which deprived him of the opportunity to prepare an appropriate response and conduct discovery related to the motion. *See* Tex. R. Civ. P. 87(1) ("Except on leave of court each party is entitled to at least 45 days notice of a hearing on the motion to transfer [venue].").

Without addressing whether the trial court's venue determination is reviewable in a mandamus proceeding, we conclude that the record before us is insufficient to allow us to assess whether the trial court complied with the time period specified in rule 87(1), whether the trial court abused its discretion in shortening the time period, as authorized by the rule, or whether a demand for relief was made *and denied* by the trial court. *See* Tex. R. App. P. 52.7(a)(1), (2); *see also*

*e.g.*, *Axelson, Inc. v. McIlhany*, 798 S.W.2d 550, 556 (Tex. 1990) (noting that, as a general rule, mandamus is not available to compel an action that has not first been demanded and refused).

The petition for writ of mandamus is denied.  *See* Tex. R. App. P. 52.8.


_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Goodwin and Field

Filed:   March 7, 2013

Denied

2